# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY., <br><br> Plaintiff, <br><br> v. <br><br> EPIFANY PROPERTIES, INC., et al., <br><br> Defendants. | Case No: 12-CV-133 W (RBB) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO STAY [DOC. 37]** |

    Pending before the Court is Defendant Epifany Properties, Inc., and Richard Patrick Anthony St. Rose's motion to stay this declaratory relief action filed by their insurance carrier, Plaintiff Colony Insurance Company. Colony opposes.

    The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons stated below, the Court **DENIES** Defendants' motion [Doc. 37].

//
//

## I. BACKGROUND

Defendant Epifany Properties, Inc., is a provider of real estate investment consulting and portfolio management services. (*Compl.* [Doc. 1], ¶ 23). Defendant Richard Patrick Anthony St. Rose is Epifany's principal. (*Id.*)

Plaintiff Colony issued Epifany a Real Estate Professional Liability Policy, Number EO404299. (*Compl.*, ¶ 51.) The policy period covers October 10, 2010 to October 10, 2011, and provides liability limits of $1 million each occurrence and $1 million aggregate limits, subject to a $10,000 deductible per claim. (*Id.*) The policy also has a number of exclusions.

After the policy was issued, Epifany and St. Rose were sued in six civil actions filed in the San Diego Superior Court (the "Underlying Actions"). (*Compl.* ¶¶ 4–20, 24.) Defendants Epifany and St.Rose are seeking coverage under the policy for the Underlying Actions. (*Id.* ¶ 52.) Colony contends that the Underlying Actions are not covered for a number of reasons, and thus have filed this declaratory relief action.

In the current motion, Defendants contend that this action will prejudice them in the Underlying Actions and thus seek a stay. Colony opposes.

## II. DISCUSSION

Defendants argue that this declaratory relief action will prejudice their defense in the Underlying Actions. Colony counters that Defendants' defense of the Underlying Actions will not be prejudiced because resolution of the coverage issues does not depend on a determination of Defendants' liability in those cases. Based on the current record, the Court agrees with Colony.

A "stay of a declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying" third party litigation. Montrose Chemical Corporation v. Superior Court, 25 Cal.App.4th 902, 907 (1994) (citation omitted). In such cases, the stay eliminates the risk of inconsistent factual determination that could prejudice the insured. Id.

Here, Colony's declaratory-relief action raises three coverage issues. First, Colony argues that coverage is not afforded because the Underlying Actions do not involve "Professional Services," which according to Colony the policy defines as "services performed . . . for others as a: Real estate broker, real estate agent, real estate salesperson, real estate personal assistant, real estate independent contractor, auctioneer of real property, or notary public; Real estate leasing agent or property manager, . . ." (*Opp.* [Doc. 38], 5:21–25.) Second, Colony argues that coverage is barred because the Policy specifically excludes claims for syndications. (*Id.*, 6:7–19.) Lastly, Colony contends that coverage is not afforded because the conduct alleged in the Underlying Actions constitutes one act, error, omission or offense that began before the policy period. (*Id.* 7:3–23.)

As an initial matter, Defendants fail to specifically identify any specific fact that is needed to determine both coverage in this case and Defendants' liability in the Underlying Cases. Instead, Defendants' moving papers and reply consist of general allegations of prejudice, which are left unsupported by any reference to specific factual issues that overlap the coverage and liability determinations. For example, Defendants argue that they will suffer prejudice because Colony will have to prove "intentional conduct of EPIFANY and ST. ROSE. . . ." (*Reply* [Doc. 39], 224–28.) But Colony does not assert "intentional conduct" as a basis for denying coverage. Nor do Defendants tie the issue of intentional conduct to issue of liability in the Underlying Cases.

Moreover, based on this Court's independent review of the complaints in the Underlying Actions, Defendants' liability does not appear to turn on whether they were engaged in "Professional Services" or a syndication, or whether the underlying conduct began before the policy period. Instead, the Underlying Actions appear to be based on allegations, for example, that Defendants made misrepresentations related to the expected rates of return on the investments, failed to competently manage investment properties, and failed to repay promissory notes. (*See e.g. Compl.*, Ex. A (the First Amended Complaint filed in San Diego Superior Court Case No. 37-2011-00088442-

1  CU-BC-CTL).)  Because there does not appear to be any overlap between the facts
2  necessary to determine liability in the Underlying Actions and the existence of coverage
3  in this case, a stay is not warranted at this time.

### III. CONCLUSION AND ORDER

For the reasons stated above, Defendants' motion is **DENIED** [Doc. 37].

**IT IS SO ORDERED.**

DATED: February 11, 2013

_____
Hon. Thomas J. Whelan
United States District Judge